IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL DEWAYNE COX,

    Petitioner,

v.                                                  No. 16-1220
                                                      08-10055

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER GRANTING PETITIONER'S EMERGENCY MOTION REQUESTING IMMEDIATE
RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255 AND GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255
_____

On August 2, 2016, the Petitioner, Michael Dewayne Cox, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (D.E. 1.) On June 27, 2017, the United States Court of Appeals for the Sixth Circuit ruled *en banc*, in *United States v. Stitt*, ___ F.3d ___, 2017 WL 2766326 (6th Cir. June 27, 2017), that the crime of aggravated burglary in Tennessee is not a violent felony and, thus, does not qualify as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

Cox was sentenced in 2009 to imprisonment for 180 months after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Case No. 1:08-cr-10055-JDB, D.E. 43.) While the default statutory sentencing range for a § 922(g) violation is zero to ten years imprisonment, the Court found, based on his five prior convictions in Tennessee for aggravated burglary, that he qualified for the ACCA's enhanced mandatory minimum sentence of 180 months for defendants with three previous violent felony convictions.

Three days after the Sixth Circuit's decision in *Stitt*, Cox moved for an emergency ruling on the Petition (D.E. 6), arguing that, in light of the appellate court's determination, he was entitled to immediate release, as he had been in federal custody for more than 120 months, the statutory maximum to which he could have been subject had he not been sentenced under the ACCA. The Government, with some reservations, concedes that an order granting the Petition is the appropriate remedy under *Stitt*.

Accordingly, the motion for an emergency ruling and the Petition are hereby GRANTED and Cox's sentence is VACATED. The Court imposes a sentence of time served, effective immediately, without the necessity for a formal resentencing or otherwise requiring the production of the prisoner. Further, the three-year period of supervised release, along with other conditions referenced in the Court's original judgment, is reimposed.

IT IS SO ORDERED this 12th day of July 2017.

    s. J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE